INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v.
LORENZO PINA.

Decided December 9, 1903.

**1.—Practice—Continuance.**

Application for continuance based upon surprise by occurrences and developments on the trial did not state the probability of obtaining evidence to meet them, nor is injury to the appellant shown on appeal. Held that continuance was properly refused.

**2.—Allegata and Probata—Extent of Injuries.**

A general allegation of damages will let in evidence of such damages as naturally and necessarily result from the wrongs charged; but to admit proof of damages which do not necessarily result from the injury alleged, the petition must set up the particular effects claimed to have followed the injury. Petition in this case alleged injuries to the head, arms, abdomen, back and legs. Held sufficient to admit proof of fits or spasmodic attacks as a result of congestive condition of the brain, or of impairment of eyesight.

**3.—Contributory Negligence—Burden of Proof—Evidence.**

Evidence held not to make a prima facie case of contributory negligence and fix upon appellee the burden of proof on such issue; wherefore the trial court properly refused special charge thereon.

Appeal from the District Court of Bexar. Tried below before Hon. S. J. Brooks.

*Hicks & Hicks,* for appellant.

*Thos. A. Murphy,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a personal injury suit instituted by appellee to recover damages alleged to have accrued through the negligence of appellant. Appellee obtained judgment for $7500.

It is the conclusion of this court, in deference to the finding of the jury, that appellee was damaged in the sum found by them through the negligence of appellant, as will more clearly appear from the facts hereinafter stated.

It appears from bills of exceptions that while appellee was testifying he was seized with a violent convulsion, succeeded by unconsciousness, and the jury was disturbed and excited thereby, and court adjourned until appellee recovered consciousness. Afterwards, during the course of the trial, while a physician was testifying as to appellee's injuries, he again was seized with a convulsion, and after violent and distressing contortions, unconsciousness ensued. After each of the convulsions appellant applied for a continuance, on the ground that it had not been apprised by pleadings or otherwise that appellee was so afflicted, or that it would be claimed that such condition was superinduced by the injuries alleged to have been received through the negligence of appellant, and no opportunity was offered for appellant to meet such a state of affairs. It was alleged that appellant was surprised that appellee was subject to convulsions, and that it would be claimed that they were caused by the injuries.

It was not stated in either application for a continuance that there was any probability of obtaining any evidence that the convulsions were simulated or that they were not the result of the injuries received at the hands of appellant, and there is nothing to indicate that the jury was influenced by the unfortunate condition of appellee. He was a robust young man, 19 or 20 years of age, was earning $35 a month, and his injuries are permanent. His mind was impaired by the injuries and the physicians testified that he would probably never recover, and that his eyesight was greatly impaired. Appellee was suffering great pain up to the time of the trial. The size of the verdict, under all the circumstances, does not indicate that the jury were moved by passion or prejudice.

It was alleged in the petition that by reason of being struck by the handle bar of the hand car and being thrown between the cars "he was greatly bruised, wounded and mangled on his head, arms, abdomen, back and legs, and that he received a blow on his head." It is the contention of appellant that the allegations were not sufficient to permit proof of fits or spasmodic attacks as a result of congestive condition of the brain, or of impairment of the eyesight of appellee. The allegations were full enough to justify the evidence of which complaint is made. Gulf, C. & S. F. Ry. Co. v. McMannewitz, 70 Texas, 73; Missouri P. Ry. Co. v. Mitchell, 72 Texas, 171; Missouri, K. & T. Ry. Co. v. Edling, 18 Texas Civ. App., 171.

The rule laid down as to what may be proved under general allegations of injuries to certain members or organs of the body is thus stated in Receiver v. Cook, 86 Texas, 630: "It is well settled in this State, that a general allegation of damages will let in evidence of such damages as naturally and necessarily result from the wrongs charged; but to admit proof of damages which do not necessarily result from the injury alleged, the petition must set up the particular effects claimed to have followed the injury." The rule announced is supported by all text books on damages. Speaking of the rule in Texas & P. Ry. Co. v. Curry, 64 Texas, 85, the Supreme Court said: "The rule, however, is satisfied when from the facts stated the law infers other fact or facts; for whatsoever the law infers from a given state of facts, the adverse party is presumed to know, and must take notice of, whether it is specially pleaded or not." In the Cook case, above cited, certain evidence was held to have been erroneously admitted because no injury was alleged to any organ or member of the body from which the injury proved would naturally or necessarily have followed. In the case now under consideration injury to head and spine was specifically set forth, and spasms and impairment of the organs of sight would naturally result from such injury.

In a Massachusetts case a boy was shot, and the person who fired the shot was sued for damages, and it was held by the court: "If the plaintiff became subject to fits after the shooting, and if they were a part of the result of the injury, the plaintiff was entitled to recover for such

damages without specially alleging it, as well as for the pain and disability which followed the injury." Tyson v. Booth, 100 Mass., 258.

In the Massachusetts case above cited the allegation was that plaintiff was "injured in his spine, chest, head and limbs," and it was held the allegation was "sufficiently comprehensive to embrace a heart disease, or an aneurism of the blood vessels situated in the chest." If heart disease and aneurisms of blood vessels can be held to "naturally and necessarily" result from injuries to the spine, chest, head and limbs, fits and impairment of the sight can be held to have "naturally and necessarily" resulted from the injuries alleged in this case. We believe the decision in the McMannewitz case is correct, and that it fully sustains the opinion of this court in this case. It may be noted in connection with this subject that the only evidence as to convulsions and the impairment of sight that was objected to was that of two doctors, although appellee testified without objection that the convulsions or "spells," as he denominates them, and the weakened sight were caused by the injuries. No special exceptions were urged to the petition on the ground that it was too general in its allegations as to the injuries.

Appellee was an inexperienced minor when employed by appellant, and had been in its employment only nine days when the accident occurred. At the close of appellee's last day's work for appellant, as a section hand, the men were ordered to place the hand cars on the track in order to go in from the work, and after the cars had proceeded about a mile a train was heard coming and the foreman ordered the men to move the cars more rapidly in order to reach a switch about three-fourths of a mile ahead. Appellee was in the third car, and on account of the rapid rate at which the cars were moving, under order of the foreman, the one immediately in front of the one on which appellee was riding was derailed and was run into by appellee's car and he sustained the injuries of which complaint was made in the petition. The youth and inexperience of appellee were known to the foreman. The hand cars were being run in dangerous proximity to each other, but appellee was ignorant of the danger. Under these facts the court did not err in refusing to instruct the jury that the burden rested upon appellee to shown that he had not been guilty of contributory negligence. The facts did not make out a prima facie case of contributory negligence and did not bring the case within the exceptions laid down in the case of Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152, to the general rule which places the burden of establishing contributory negligence upon the defendant.

The other assignments of error are based on the insufficiency of the evidence to sustain the verdict, and are disposed of by what has herein been held as to the facts.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.