## TEXAS ELECTRIC RY. v. WORTHY.*
### (No. 8770.)

(Court of Civil Appeals of Texas. Dallas. March 10, 1923. Rehearing Denied April 14, 1923.)

**1. Trial ⬳253(9)—Refusal to give instruction withdrawing evidence of past and present earning capacity held not error.**

In an action for injuries, refusal to give instruction that in assessing damages the jury should not take into consideration, as an element of damages, profits plaintiff might have made from the sale of automobiles in his business or by him personally, *held* not error where the effect of such instruction would have directed the jury that testimony as to amounts earned by plaintiff individually could not be used in considering any item of damages which he was entitled to, such as damages for impaired earning capacity which could only be measured by the extent of his diminished earning capacity.

**2. Damages ⬳38—"Earning capacity" defined.**

"Earning capacity" does not necessarily mean the actual earnings that one who suffers an injury was making at the time the injuries were sustained, but refers to that which, by virtue of the training, the experience, and the business acumen possessed, an individual is capable of earning.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Earning Capacity.]

**3. Damages ⬳173(1)—Evidence of what injured party could formerly do and present capacity held proper.**

Whether an injured party has been working for a salary or whether he has been working in his own business, the only basis upon which a jury can determine his loss is from evidence of what use the injured party has previously made of his capabilities and opportunities in the way of earning power and compare it with what use he is capable of making of his impaired powers after injury had been received.

**4. Damages ⬳216(8)—Instruction as to diminished earning capacity of injured held not objectionable.**

In an action for injuries, an instruction allowing plaintiff "for his diminished capacity to labor and earn money in the future" on account of his injuries *held* not objectionable in that a jury could understand from it that testimony regarding plaintiff's lost profits in his business was to be taken as fixing the amount to be allowed for impairment of earning capacity.

**5. Trial ⬳260(8)—Refusal to give instruction as to defensive matter pertaining to injuries in previous accidents held not error in view of charge given.**

In an action for injuries received in a collision in 1920, refusal of requested charge that, if the jury were unable to determine whether certain injuries of plaintiff were received in the accident of 1912, or 1913, or that of 1920, no recovery could be had for those injuries, nor if plaintiff's present condition was due to former injuries, *held* not error in view of charge given.

**6. Appeal and error ⬳230—Objection to testimony after witness had answered question held not ground for error.**

Objection to doctor's testimony as to condition of plaintiff's heart *held* made too late as ground for assigning error, where the objection was not made until the witness had answered the questions to which no previous objection was made.

**7. Damages ⬳158(2)—Admission of testimony of doctor as to condition of plaintiff's heart held warranted by pleadings.**

Testimony of doctor that plaintiff's heart was in fair condition only suffering from neurosis, and that by neurosis witness meant "it was a little rapid," *held* warranted by the pleadings, alleging internal injuries, and that plaintiff was injured in almost every part of his body, causing a terrible shock to his entire nervous system.

**8. Damages ⬳132(4)—Verdict of $11,500 held not excessive for permanent internal injuries.**

Verdict of $11,500 for permanent internal injuries received in street car collision *held* not excessive and supported by evidence.

**9. Appeal and error ⬳1001(1)—Finding of jury binds appellate court.**

Where there is evidence to support a jury's finding, it is binding on the appellate court; it being the province of the jury to decide whether the evidence was worthy of belief.

Appeal from District Court, Collin County; F. E. Wilcox, Judge.

Action by W. H. Worthy against the Texas Electric Railway. Judgment for plaintiff, and defendant appeals. Affirmed.

Templeton, Beall, Williams & Worsham, of Dallas, and Smith & Abernathy, of McKinney, for appellant.

Truett & Neathery, of McKinney, and C. F. Greenwood, of Dallas, for appellee.

JONES, C. J. Defendant in error, W. H. Worthy, in a suit in the district court of Collin county was awarded judgment in the sum of $11,500 as damages for personal injuries sustained while he was a passenger on an interurban car belonging to plaintiff in error, the Texas Electric Railway. The injuries were occasioned by a head-on collision between the interurban car on which the defendant in error was riding and another interurban car owned by plaintiff in error and moving in the opposite direction. Said collision occurred in Collin county on the 9th day of January, 1920. There are no issues joined in this appeal in reference to defendant in error's injuries being caused by the negligence of plaintiff in error.

Defendant in error at the time of the injuries was engaged in the automobile business in McKinney, Tex., and had been engaged in this business for some time. He

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction May 30, 1923.

occupied a business building in said city in which he kept automobiles on hand, and he employed a salesman and bookkeeper; and, in addition to said business, but in connection therewith, he operated a repair shop, employing two mechanics during the year 1919 and at times had additional men employed. He was very active in his business and his estimate was that his individual service to the business was worth $10,000 per annum.

The case was tried on May 27, 1921, approximately 16 months after the accident causing the injuries. During this time defendant in error had not been able to take active charge of his business, though after about 3 months from the date of his injuries he would go down to his place of business in an automobile and stay there a part of the time and attend to some matters with reference to said business. His estimate of the time he had been able to devote to his business since the accident was about 10 per cent., and he estimated that the value of this service did not exceed $500.

The collision was a very violent one; the car in which defendant in error was riding being driven into the other car for a distance of several feet. This car was described as being badly "torn up." At the time of the collision defendant in error was riding in the front end of this car, and he received very serious and painful injuries, and some of them are shown from the evidence to be permanent in their nature.

A reversal of this case is predicated upon errors assigned on the following particulars: (1) The refusal of the court to give a requested instruction, excluding from consideration by the jury in fixing damages the profits made by defendant in error in his business; (2) error in the admission of evidence in reference to an injury not specifically pleaded; (3) error in the court's charge on the measure of damages, in that, there being evidence that defendant in error had suffered injuries from an accident in an interurban car in 1912, and also had suffered injuries from an accident in a collision between an automobile and a railroad car in 1913, the court should have specifically charged the jury that no recovery should be had for injuries received on either of these occasions, and his failure to do so was prejudicial to plaintiff in error's rights; (4) refusal of the court to give a requested instruction specifically charging the jury not to consider as an element of damages the injuries received on said two occasions; (5) that the verdict is excessive.

The third paragraph of the court's charge submits the measure of damages and is as follows:

"If under the above and foregoing instructions you find for the plaintiff, you will allow him such sum as you believe from the evidence will as a present cash payment reasonably and fairly compensate him for the mental and physical pain he has endured, if any, on account of his injuries, if any, also for the mental and physical pain it is reasonably probable he will suffer in the future, if any, on account of his injuries, if any, also the reasonable value of time lost to him from such injuries down to the trial, if any, also for his diminished capacity to labor and earn money in the future, if any, on account of his injuries, if any, also the reasonable value of past necessary nursing on account of his injuries, also the reasonable value of the clothes worn by the plaintiff at the time he was injured, the value of which for wearing purposes was destroyed; but, in assessing damages, you will consider only the injuries alleged and proved to have been suffered by plaintiff as a direct and proximate result of the collision in question in 1920, and you will not allow damages for injuries, if any, which plaintiff suffered at any other time or place."

[1-4] The refusal of the court to give the following requested instruction forms the basis for defendant in error's first assignment of error:

"You are instructed that in assessing damages, if any, in this cause you will not take into consideration as an element of damages any profits plaintiff might have made from the sale of automobiles in his business, or by him personally."

The basis for this requested instruction rests on the following facts: Defendant in error, during the years 1917, 1918 and 1919, was the agent for various automobile cars. His territory on some of the cars included the counties of Grayson, Fannin, Cooke, and Collin. During these years defendant in error was engaged in traveling over portions of this territory an average of four days out of six in a week, demonstrating and driving the different cars and presenting them to the trade. He did salesman work, mechanical work in the shops, assisted in unloading automobiles and in demonstrating for sales, and, in short, all the work pertaining to the automobile business. He testified that his individual services in the sale of cars were worth $10,000; that his earnings in the sale of cars came from the commissions allowed on the sale of each car. For the year 1918, he testified, "my individual earnings in the sale of automobiles in 1918 amounted to $15,500. That was what I earned personally."

John Ball testified that he was associated with defendant in error in business and knew of his work in the business and of his sales of cars, and that his estimate of the value of defendant in error's services was $700 or $800 per month. On cross-examination he stated that he was worth $700 or $800 to the business a month; that his earnings would be something like that in the sale of cars. In his testimony he used this expression:

"At that time I mean his profits in his business would be $700 or $800 a month—that is, from the sale of cars in his business. I do

not mean that he had a salary of $700 or $800; I do not think he was working for a salary."

There was no testimony as to the entire earnings of the business, or as to how much money, was invested in the business. When this testimony is fairly construed, it had reference to the value of the net commissions secured by the individual efforts of defendant in error on the sale of cars and the value of the other individual work of defendant in error.

It is not urged by plaintiff in error that this was not admissible evidence, but its contention is that, though admissible, it could not be considered by the jury as an element of damages. It is true that these sums of money, shown to have been earned by defendant in error, could not be taken by the jury as items of established damages in fixing the amount the jury would allow him for time lost. The requested charge comprehends much more than such restriction. Its effect would have been to direct the jury that such testimony could not be used in considering any item of damages that defendant in error was entitled to recover. One of these items of damages was remuneration for the impairment of his earning capacity. Earning capacity does not necessarily mean the actual earnings that one who suffers an injury was making at the time the injuries were sustained. It refers to that which, by virtue of the training, the experience, and the business acumen possessed, an individual is capable of earning. He might not actually have been earning anything at the time his earning capacity was impaired. This capacity, whatever it was, defendant in error was entitled to, unimpaired by any injury wrongfully inflicted upon him by another. Manifestly the damage suffered by defendant in error in this respect must be measured by the extent of the impairment of this earning capacity. This, of course, is incapable of any exact computation. Whether an injured party had been working for a salary theretofore, or whether he had been working in his own business, the only basis upon which a jury can determine this loss is from evidence of what use he had theretofore made of his capabilities and opportunities in the way of earning money, and compare it with what use he is capable of making of his impaired powers in this respect after the injury has been received. This evidence, sought to be withdrawn from the jury for the purposes indicated by the charge, was pertinent upon this issue. It was an element to be considered by the jury in determining what earning capacity defendant in error possessed before the injury, in order that a basis might be had for the measure of its impairment after the injury. A jury of intelligent men could not have understood from the court's charge allowing a finding on the value of defendant in error's diminished capacity to labor and earn money in the future, that this testimony was to be taken as fixing the amount to be allowed him for the impairment of this earning capacity. They were not charged that they would find what profits would be lost to him in the future by reason of his injuries, and they could not have understood that such was the meaning of the charge. We therefore overrule this assignment of error. T. & Ft. S. Ry. Co. v. Toliver, 37 Tex. Civ. App. 437, 84 S. W. 375; El Paso Elec. Ry. Co. v. Murphy, 49 Tex. Civ. App. 586, 109 S. W. 489; T. & B. V. Ry. Co. v. Geary (Tex. Civ. App.) 169 S. W. 201; G., H. & S. A. Ry. Co. v. Harling (Tex. Civ. App.) 208 S. W. 207.

[5] Error is assigned on the refusal of the court to give the following requested charges:

"You are instructed that, if you find for the plaintiff in this case, and you further find and believe from the evidence that plaintiff has injuries as alleged in his petition, yet you further believe from the evidence that plaintiff received injuries in an accident in an interurban car in 1912, or in an automobile collision with a railroad car in 1913, and you are unable to determine from the evidence whether certain injuries you find he has now, if any, were received by him in said interurban car in 1912, and said collision in 1913, or were received by him in the collision in 1920 complained of in this suit, then as to such injuries I instruct you that you cannot allow him any damages, nor will you allow him any damages for any pain or suffering on account of the same nor for any loss of time, if any, on such account. * * *

"You are instructed that, if you find and believe from the evidence that the plaintiff W. H. Worthy received injuries upon an interurban car of the Texas Traction Company in 1912, or received injuries in an automobile collision with a railroad car in 1913, and you further believe from the evidence that his present condition or any part thereof is due to such former injuries so received by him, then as to such condition you are instructed that you can allow him no damages against the defendant herein, or for any mental pain or suffering or loss of time, if any, on account thereof."

The issue requested to be submitted by these two special requested instructions was clearly raised by the evidence. It was shown in the trial that defendant in error claimed to have received an injury on an interurban car in 1912; and it was also shown that he claimed to have received an injury in a collision of an automobile with a railroad car in 1913, and that suit was filed in the district court in Dallas county by reason of this latter injury, and that defendant in error claimed to be suffering from some of the same character of injuries he received on the occasion in question. Plaintiff in error had the right to have this defensive matter submitted clearly and affirmatively to the jury. If this was not done in the main charge,

then, of course, the refusal to give at least one of these requested charges would be reversible error. The correctness of this assignment therefore rests upon whether or not the court in the main charge affirmatively submitted this issue to the jury in such way as to direct special attention to this matter of defense. This is the only office these charges could perform. The court, in the paragraph of the main charged above copied, instructs the jury on the issue raised by these two special charges as follows:

"But, in assessing damages, you will consider only the injuries alleged and proved to have been suffered by plaintiff as a direct and proximate result of the collision in question in 1920, and you will not allow damages for injuries, if any, which plaintiff suffered at any other time or place."

It occurs to us that the jury was as well informed and as much directed to this defensive evidence by this clause of the court's charge as it could have been had either or both of these charges been given. The jury had heard the testimony in reference to the injury on the interurban car in 1912, and the testimony in reference to the injury in 1913, and must have understood that they could not allow defendant in error any damages for injuries suffered by him on account of either of these accidents. The charge was direct and specific on this matter, and to have given either of these requested charges would have been an unwarranted repetition of this defensive matter. One of the requested charges instructs the jury, if unable to determine from the evidence whether certain injuries from which defendant in error claimed to be suffering at the time of the trial were the result of the collision of 1920, or were the result of the previous accidents, then the finding should be in favor of plaintiff in error as to such injuries. This is fully covered by the court's main charge, where the jury is specifically charged that only such injuries as defendant in error proved he suffered as a direct and proximate result of the collision of 1920 could be considered. The court charged the jury in another paragraph of the main charge that the burden was on defendant in error to prove by a preponderance of the evidence the amount and extent of his injuries. It was not error to refuse the requested instructions.

[6] Plaintiff in error duly assigns error on the admission of certain evidence given by the witness, Dr. W. R. Mathers, because such evidence did not find support in the pleadings. After Dr. Mathers had testified as to his examination of defendant in error a short time before the trial, and to the character of examination he made, and while he was testifying to his physical condition, the witness stated, without objection, that he found his heart in fair condition, only suffering from neurosis. He was then asked the question what he meant by that term,

and answered, "I mean that it was a little rapid." After this answer was given, attorneys for plaintiff in error objected on the ground that there was no pleading to warrant such question. This objection was overruled, and the witness went into further explanation of what was meant by the term "neurosis." It appears from the bill of exception preserved to the ruling of the court on this objection that the objection was made after the witness had been permitted to state that he "found his heart in fair condition, only suffering from neurosis," and also after the witness had been permitted to answer the question as to what the witness meant by this term by saying that he meant that the heart was a little rapid. Then it was that an objection was made, which was overruled, and no motion was made to exclude the evidence.

[7] We do not think, in this state of the record, that plaintiff in error can complain of the ruling of the court. However, we think the evidence was warranted by the pleadings. The pleading as to injuries in the main was very specific, setting up each specific injury, except that in pleading the injuries to the back and spine it was stated that defendant in error was "injured and hurt internally, rendering same painful and weak; a better description of said internal injuries he was unable to give." No special exception was leveled against this general description. Then, again, the pleading alleged that defendant in error was bruised and injured in and on almost every part of his body; that, by reason of the violence of said collision, the terrific impact, and the number of serious injuries inflicted on defendant in error, he sustained and suffered a terrible shock to his entire nervous system, from which he has suffered great nervousness ever since, and he believes the nervous condition so produced is of a permanent nature. There was no special exception leveled against this pleading, and we think it sufficient to admit this evidence. Smith Oil Co. v. Riggs, 111 Tex. 173, 230 S. W. 139; I. & G. N. Ry. Co. v. Pina, 33 Tex. Civ. App. 680, 77 S. W. 979; City of Dallas v. Jones (Tex. Civ. App.) 54 S. W. 606; City of Dallas v. Jones, 93 Tex. 38, 49 S. W. 577, 53 S. W. 377; Ry. Co. v. Brown (Tex. Civ. App.) 168 S. W. 383; Ry. Co. v. Hawk, 30 Tex. Civ. App. 142, 69 S. W. 1037; Ry. Co. v. Coffman (Tex. Civ. App.) 160 S. W. 145.

[8, 9] Error is also assigned on the excessiveness of the verdict. We are unable to agree with plaintiff in error in this contention. The evidence from defendant in error's standpoint supports the amount of the judgment. It was the province of the jury to decide whether defendant in error's evidence as to his injuries was worthy of belief, and such finding in defendant in error's favor is binding on this court.

Finding no reversible error, the judgment is affirmed.