## MERCHANTS BLDG. CORPORATION v. ADLER.

### No. 12261.

Court of Civil Appeals of Texas. Dallas.

Oct. 30, 1937.

Rehearing Denied Dec. 11, 1937.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellant.

Emil Corenbleth and Sam Passman, both of Dallas, for appellee.

YOUNG, Justice.

Appellee instituted suit against appellant in the trial court to recover damages for personal injuries alleged to have been sustained on the premises of appellant, October 18, 1934; appellee complaining that such injuries resulted by reason of the condition of some concrete steps located on the north side of a loading wharf and leading from the street level to the wharf floor of said building. The case was tried to a jury and, on conclusion of the evidence, the trial court overruled appellant's motion for an instructed verdict, and the jury returned a verdict in favor of appellee, plaintiff below. Judgment was entered for plaintiff on said findings. Appellant has taken proper steps on appeal, and this case is now before us for review.

The jury answered to given issues that: Appellee fell on the top step of the loading wharf in question; that appellee was returning to his automobile at the time of such fall; that there was a depression in the top step in question; that the metal binding on said top step of the loading wharf stuck out above the concrete of said step; that there was negligence in said conditions above described, and that such were proximate causes of plaintiff's fall. The jury also found, under issues submitted, that appellee did not fail to keep a proper lookout for his own safety in the use of said steps at the time; that plaintiff stepped on the corner of the top step of the loading wharf on his right heel at the time, but that such was not negligence on his part. The jury also found that plaintiff sustained injuries in diminished earning capacity, in the amount of $2,000, and for physical pain and suffering to the amount

of $500; same being submitted in separate issues.

Appellant's first assignment of error is to the failure of the trial court to give peremptory instruction in its favor on the grounds, generally, that the undisputed evidence disclosed contributory negligence of appellee as a matter of law, and that there was no evidence in the record upon which the jury could base actionable negligence on the part of appellant. We quote the substance of said assignment: "The undisputed evidence showed that plaintiff was guilty of contributory negligence, as a matter of law, in failing to look where he was walking and in placing his right foot where he did place it, and in placing the heel of his right foot on the outer edge or corner of such step with the ball of his right foot suspended in the air; and further, because no actionable negligence was proven against the defendant in this cause, in that the only proof in this cause showed a condition of that part of the step in question, that is the right-hand corner of same, to be in a condition at a place and point where, as a matter of law, this defendant would not be expected to anticipate or foresee that any one would be walking thereon; and further, because the defect, if any, was open and apparent and of such nature that the plaintiff was not excused, as matter of law, from failing to observe it under the circumstances."

■ It is the duty of the reviewing court, passing upon assignments of this character, to reject all evidence favorable to the adverse party, and to consider only the facts and circumstances which tend to sustain the verdict; and if the jury, in an honest and impartial effort to arrive at the truth, might have reached the conclusions embodied in the verdict, we should not set it aside. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S.W. 139. Appellant urges strongly that appellee's fall and alleged injuries resulted from his own negligent acts and conduct on the occasion in question, and were not properly attributable to the condition of the concrete steps. Testimony of the plaintiff Adler is quoted extensively to demonstrate no care was exercised by him in the use of the stairway at said time, nor where he stepped thereon. If the record before us is conclusive as to this, it is our plain duty to sustain the assignment; but is such the inevitable deduction to be drawn from all of the testimony? True, appellee's statements, after much examination, are confusing on material issues, but not beyond reconciliation. He says, in substance, that he did not look; again that he did notice the steps at the time. Further, that he was walking naturally, and that no fall would have resulted from placing his heel, as he did, on the extreme corner of the step, had it not been caught and held by the metal binder.

■■ Inconsistency in the testimony of plaintiff, as it may appear in the record, is like any other conflict, within the peculiar province of the jury to reconcile. In view of the fact that this case will be reversed on other grounds, we deem it inadvisable to dwell at length on the testimony in question, or to express any further opinion as to same. Whether appellant has discharged the full measure of its legal duty toward appellee, as an invitee, or whether appellee was negligent or not, are questions under all of the testimony on which reasonable minds might differ. Hence, we conclude that the trial court did not err in overruling the peremptory instruction. In Derichs v. O. K. Auto Parts & Sales Co., 92 S.W.2d 465 (writ dismissed), the El Paso Court of Civil Appeals affirmed the findings of the jury under facts very similar to this case.

Appellant states in his reply brief that, in the Derichs Case, supra, the question of contributory negligence on the part of plaintiff therein was not involved or raised. As we read this case, such issue was obviously both pleaded and raised by evidence, because, from the court's opinion, there was an express jury finding thereon in favor of the plaintiff. See, also, Berwald v. Turner (Tex.Civ.App.) 52 S.W.2d 112 (writ refused).

Our views above expressed are germane to appellant's assignments of error, Nos. 1 to 5, inclusive, and propositions thereunder.

■ Appellant's propositions Nos. 6 and 7 complain of an entire want of evidence to support the findings in issues Nos. 5 and 8, that the alleged defective corner of the step was "caused by the negligence of the defendant"; the only testimony bearing thereon being from appellant's building manager, to the effect that, "some truck must have backed in there and hit that very corner." Said building manager also testified that the condition of the steps had been the same for a long time prior to October 18, 1934. The owner of a building is under an implied duty to keep such place

in a reasonably safe condition, and is liable for injuries resulting from known defects, or such as he should have known; in this instance, it is charged that appellant failed in its duty as to the repair of the steps. Should the same state of facts exist on a retrial, it would be well for the plaintiff below to restate the issues involving the steps in question, following his pleading and proof, in order that the legal liability of defendant, if any there be, may be thus determined.

Passing to appellant's assignments of error involving the rejected charge in connection with the submitted issues of unavoidable accident, we call attention to the test laid down in Dallas Ry. & Terminal Co. v. Darden (Tex.Com.App.) 38 S.W.2d 777, and the numerous cases where same is discussed. Upon retrial, if the trial court should again conclude that this issue is raised, then the suggested form of submission offered by Judge Taylor, in the case of Southern Ice & Utilities Co. v. Richardson, 95 S.W.2d 956 (Tex.Com.App. opinion adopted by Supreme Court), be used in disposing of this issue. It may be conceded that both the holding of the Amarillo Court of Civil Appeals in McClelland v. Mounger, 107 S.W.2d 901, 906, and Magnolia Coca Cola Bottling Co. v. Jordan, 47 S.W.2d 901, 906 (El Paso Court of Civil Appeals reversed by the Commission of Appeals on other grounds 124 Tex. 347, 78 S.W.2d 944, 97 A.L.R. 1513) are in support of appellant's refused special issue No. 2, as being a proper instruction. We feel, however, that the last (adopted) suggestion from our Supreme Court should be presently followed as to procedure relative to this rather elusive question of fact.

■ Appellant's next assignment complains of the refusal of the trial court to submit the following defensive issue: "Do you find from a preponderance of the evidence that the Merchants Building Corporation ought reasonably to have foreseen or anticipated, prior to the time in question, that someone would, in descending the step in question, place his foot at the point where the concrete was lower than the metal strip, if it was lower than such strip?"

The doctrine of reasonable anticipation of consequences in negligence cases is well settled in this state. The action of the trial court was evidently based upon the fact that such issue was not pleaded as an affirmative defense, and that,

under the state of the defendant's pleadings, it was fairly covered by the given issues of proximate causes Nos. 6 and 9. Appellant argues that: "It is elementary that any issue, which would be a complete defense to plaintiff's suit and upon which the plaintiff has the burden of proof, in order to make out a case, is raised by the general denial of defendant." This may be true, but upon another trial, if the facts be similar, such issue specially plead would be the better procedure, thereby coming well within the law of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517, which secures to a party plaintiff or defendant the right to have all of the fact issues submitted and determined by a jury, which he has pleaded and proven.

■ Under proposition No. 10, appellant complains of the submission separately by the trial court of the damage issues, i. e. (issue No. 17), diminished capacity to work and earn money, past and future, and (issue No. 18) physical pain and mental anguish, past and future. Such questions may well be, and usually are, submitted as one issue. This is the better practice to avoid the possible confusion to a jury and consequent improper results that might follow their submission separately. International-G. N. Ry. Co. v. King (Tex.Com.App.) 41 S.W.2d 234, 236. We note in this connection that appellee suggests a remittitur of the $500 finding under issue No. 18 above, which might cure the objections raised to the dual character of these issues. Such becomes immaterial, however, by reason of our disposition of appellant's further assignments, now to be considered.

■ Issue No. 17 is as follows: "What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence will reasonably compensate the plaintiff for the diminished capacity, if any in the past, if there has been any in the past, and in the future, if you find there will be any in the future, of the plaintiff to work and earn money, resulting directly and proximately from his injuries, if any?"

Adler, plaintiff below, in substance testified in support of the above issue that, on account of his physical condition, he did not make trips East and West that he used to make twice each year for buying purposes; that it had an effect (his alleged

injuries) upon his business in Waco, because he was not there to attend to it; that prior to his injuries his business showed a profit, a decent 'profit and a decent living, every year that he was in business up to that time; that his business showed a loss by reason of his injuries in 1934; that he could not say what amount, in dollars and cents, but that he estimated the injury to his business to be approximately a total loss for October, November, and December, 1934, of around $1,850 for operating expenses and depreciation; that his business showed a tremendous loss from January to August, 1935, of approximately $6,000; that he had his business books for 1934, which were not produced on the trial.

For reasons set forth in appellant's pertinent assignments of error, we are of opinion that the trial court erred in overruling appellant's objections to the above testimony, to the effect that before appellee's alleged injury his business showed a profit, and as to his business depreciation and losses since that time. It will be seen from a careful examination of appellee's testimony that same related to his business as an entirety, and not to his earnings therefrom. The jury was called upon to determine the fact of what appellee was earning or was capable of earning before October 18, 1934, in salary or from other sources of business; they were not concerned with profits of his business, either before or after his injury, nor with the business losses or depreciation, but only with appellee's alleged diminution of earning power.

While it is undoubtedly true, as shown in cases cited by appellee, that a plaintiff may testify as to his personal earnings, whether they be from salary in the employ of another or while working for himself; it is also true that facts involving the profit or loss or gain made in the business as a whole, without regard to invested capital, are quite different from plaintiff's earnings therefrom, and are not admissible on the issue under discussion. Sutherland on Damages, page 4716, though quoted by appellee, is really in support of the above conclusion. It is there stated: "In the absence of a fixed compensation for services, the age of the person injured, his situation in life, condition of health and habits of industry and the profits resulting from the personal attention and labor of the owner of a business, *as dis-*

*tinguished from profits arising from invested capital,* are relevant facts." (Italics ours.)

Many of the cases cited by appellee are also relied upon by appellant as authority, and are to the effect, generally, as stated in Dallas Consolidated Electric Street Ry. Co. v. Motwiller, 101 Tex. 515, 109 S.W. 918, 921 (Dallas Court), that: "The law only exacts the kind of proof of which the fact to be proved is susceptible, but it does exact that."

Other cases cited by appellee as closest in point are Hamilton v. Harris (Tex.Civ.App.) 223 S.W. 533; Galveston, H. & S. A. Ry. Co. v. Harling (Tex.Com.App.) 260 S.W. 1016; Texas Elec. Ry. v. Worthy (Tex.Civ.App.) 250 S.W. 710. In the Harris Case, supra, the testimony was as to a merchant; the testimony being that the reasonable value of the services of a man in a store was not less than $250 per month. This testimony was not objected to, and the point was not raised as to its admissibility. In the Harling Case, supra, the question asked and objected to was, "What *you* made out of your horse business?" and all of the testimony was as to personal earnings, and it appeared there was no capital invested. In the Worthy Case, supra, the question was likewise not as to the admissibility of testimony, but with regard to the charge thereon; and in that case, while the man was engaged in business for himself, the testimony was confined to his earnings therefrom, and not as to the profits from the business as a whole.

The point we are endeavoring to emphasize here is aptly stated in Houston & T. C. R. Co. v. Bird (Tex.Civ.App.) 48 S.W. 756. Judge Williams there says: "But the objection urged to the submission of the lessened earning capacity is, in our opinion, well made. There was, it is true, evidence tending to show that there may have been a diminution of such capacity, but no proof of the facts essential to enable the jury to reach an intelligent conclusion as to the amount of the loss resulting, or to base their verdict on this point upon anything but a mere guess." See, also, Texas & P. R. Co. v. Feagan, 80 S.W.2d 396 (Dallas Court of Civil Appeals), where Judge Bond discusses the principal Texas cases on the particular matters here under discussion.

We conclude that such testimony should have been excluded by the trial court, and

that no competent testimony was presented by the plaintiff below, on which the jury could base the money judgment in question.

For reasons above stated, we are of the opinion that this case should be reversed and remanded for another trial.

Reversed and remanded.

## On Rehearing.

Appellee, in his motion for rehearing, forcefully urges error on our part in reversing this cause, by reason of the state of the evidence on the issue of impaired earning capacity. Dallas Ry. & Term. Co. v. Darden (Tex.Com.App.) 38 S.W.2d 777, 780, is cited, from which we quote: "It has frequently been decided that the loss of profits from a personally operated business may be received in evidence and considered by the jury for the purpose of determining the extent of an injured party's diminished earning capacity. Texas Electric Ry. v. Worthy (Tex. Civ.App.) 250 S.W. 710; Galveston, H. & S. A. Ry. Co. v. Mallott (Tex.Civ.App.) 6 S.W.2d 432; San Antonio Traction Co. v. Crisp (Tex.Civ.App.) 162 S.W. 422; Ridge v. Norfolk Southern R. Co., 167 N.C. 510, 83 S.E. 762, L.R.A.1917E, 215; Baxter v. Philadelphia & Reading Ry. Co., 264 Pa. 467, 107 A. 881, 9 A.L.R. 504, and note."

It will be noted in the Darden Case, supra, that the evidence as to loss of trade was not objected to as the opinion and conclusion of the witness. Such objection was made here for that reason, as well as on other grounds. Our expressions as to the business losses or profits may have been too general or not precisely phrased, yet we there reflect the concensus of the American decisions, as applied to the admissibility and weight of such evidence. See Baxter v. Philadelphia & Reading Ry. Co., 264 Pa. 467, 107 A. 881, 884, 9 A.L.R. 504, and notes, cited above by Judge Leddy. The statement is there made by the editor: "But the general rule deducible from the cases seems to be that the value of the earning power of one engaged in business for himself must be measured by the income or profit which is derived chiefly from his personal skill and knowledge. * * *" And, as stated in the Baxter Case, supra: "While the evidence to show this pecuniary loss, or the effect of the absence of the personal attention, need not be clear and indubitable, it

should not be a mere guess, or a paper loss; it should be shown to exist as an actual loss. It must necessarily be the subject of substantive proof, and this evidence should be subject to criticism from him who must pay the loss, to the end that the pecuniary loss claimed as the standard should not exceed that usually paid to persons performing similar services for others."

What we intended to hold as applicable to this case was, that the particular testimony as presented in the trial court was subject to the objections there made by appellant, absent the attendant facts upon which conclusions of profits, or business gains, or losses were based. Panhandle & S. F. Ry. Co. v. Reed (Tex.Civ.App.) 273 S.W. 611 (writ dismissed); York v. City of Everton, 121 Mo.App. 640, 97 S.W. 604.

■ Appellee, in his motion for rehearing, further revokes his offer of remittitur of the $500 item under issue No. 18 of the court's judgment, and, in the event his motion for rehearing be not granted, now tenders a remittitur of the $2,000 recovery under issue No. 17, as to which this reversal resulted.

Appellee's attitude as to such last suggestion of remittitur is commendable if this cause could be thereby properly affirmed. It would serve at least for the present to avoid a retrial, saving the time and expense incident to further litigation. Appellee's $500 recovery is compensation for physical pain and suffering, past and future, and mental anguish, past and future, resulting from his alleged injuries. Appellee states in said motion that no objection has been raised by appellant, either as to the admissibility of the evidence to support such issue 18, nor as to its correctness as a jury finding. Referring to the brief of appellant, we find that, under appropriate assignment, it challenges the sufficiency of the issue on several grounds, as well as the jury finding thereon in the amount of $500. Such assignment makes a part thereof the objections raised in the submission of same in the court's charge, wherein the sufficiency of the appellee's pleading is questioned in connection with this particular issue. We are of opinion that appellee's pleadings are in fact insufficient to support such jury finding. He pleads: "That in such fall, his right hip and lower part of his back were injured and caused him extreme pain * * *;

that he has suffered excruciating pain in his side and back, and from his spine * * *; that he has been damaged by reason of his personal injuries in the sum of $25,000." No specific allegations appear as to mental anguish.

■■ The well-settled rules applicable to sufficiency of pleading in the particulars referred to are well stated in 13 Tex.Jur. 358, Damages, § 203: "Where the petition alleges facts showing that the plaintiff suffered serious physical injuries, it may be presumed that physical and mental suffering were occasioned thereby. Accordingly, if the injury alleged is such that mental and physical suffering necessarily result therefrom, such suffering need not be alleged; recovery may be had therefor under a general allegation of damages. * * * Recovery for future mental and physical suffering cannot be had under a petition which, in addition to other elements of damages set out, asks compensation for mental and physical pain suffered; such an allegation will be taken to mean that compensation for past suffering is prayed for. Nor does an allegation that the injuries are permanent authorize recovery for future mental and physical suffering"—citing Houston, etc., Ry. Co. v. Lindsey, 51 Tex.Civ.App. 67, 110 S.W. 995.

Upon full consideration of motions of both appellant and appellee, for rehearing, the same are overruled.

Overruled.

BOND, Chief Justice (dissenting).

The undisputed evidence is that, at noon, on a mild day in October when the sun was real bright, the accident complained of happened upon concrete stairs consisting of two treads 36 inches in length and about 12 inches wide. The stairs were located in defendant's private loading zone, or dock, where heavy laden trucks back in and out. On the corner of the top step, a chip or sliver about 1 or 2 inches long, and not quite so wide, was knocked off by a truck and, as disclosed from the testimony and a photograph of the steps in the record, it was hardly noticeable to a casual observer. This is the gravamen of plaintiff's complaint, alleging negligence on the failure of defendant to repair this small and unnoticeable defect. In my opinion, the defective step, if such be called a defect, is too insignificant to put a person on notice that it would likely cause injury, or, the failure to repair, actionable negligence.

Furthermore, in trial of the case, plaintiff admits that he was familiar with the steps in question; and that, at the time and before he stepped on them, he was not looking down at the steps, but was looking up. He stated that, had he looked where he was walking, he would not have stepped on the corner of the top step and, as a consequence, placed his heel on the outside corner of the step with the balance of his foot suspended in the air and fell. Hence, I think, as a matter of law, his injuries were and are the natural and probable consequence of his own negligence.

In International & G. N. R. Co. v. Edwards, 100 Tex. 22, 93 S.W. 106, plaintiff recovered a judgment for personal injury sustained when he walked on a railroad crossing and was struck by a train. Plaintiff admitted that before stepping on the track he neither looked nor listened for the train, although he was familiar with the crossing and knew of the frequent passing of trains; that he could have seen and heard it had he done so. Our Supreme Court said: "No case in this court has allowed a recovery upon facts such as these and the judgment cannot be permitted to stand without abolishing the rule, recognized by all authority, requiring the exercise of ordinary prudence on the part of persons crossing railroad tracks." This is the precise attitude of the plaintiff; he blindly stepped on and almost missed the tread of the step, and admitted that had he looked he would not have stepped as and where he did step and could have seen the defect in the step if he had looked. Plaintiff was in possession of all his faculties, and, I think, his failure to exercise their use, under the circumstances of this case, forces the conclusion that he was guilty of contributory negligence in failing to look where he was going. For his own safety, he should have taken the precaution to look, knowing that such places are not altogether safe for pedestrians, the appurtenances broken by trucks, and the floors slicked with oils.

In appellee's motion for rehearing, a suggestion is made for remittitur of the $2,000 item found by the jury, as damages for diminished capacity of the plaintiff to work and earn money in the past and in the future; and in the majority opinion is indicated that there is not sufficient al-

legations in plaintiff's petition to sustain the jury's finding as to the item of $500 for mental suffering. Thus, obviously, the remittitur of appellee and the findings of the majority eliminate all elements of damage on which the judgment of the court below is based.

I do not deem it important to enter into further discussion of the question, but do respectfully indicate my inability to agree with my associates that the facts justify a judgment in appellee's favor. I am in accord with the majority in reversing the case, but feel that the facts warranted peremptory verdict for the appellant, and the judgment of the court below should be reversed and rendered for appellant.