### DAWSON *vs.* PENNAMAN.

Where there is a breach of warranty unmixed with fraud, the remedy is by suit on the warranty; but where there has been actual fraud mixed with deceit and corruption in an exchange of personalty, the party defrauded has his election to sue on the warranty or to bring trover for the property sold by him.

(*a*) There being evidence to show such fraud, that question should have been left to the jury in a trover suit in a justice court; and the granting of a non-suit was good ground for a *certiorari.*

Fraud. Title. Warranty. Actions. Trover. Before Judge LAWSON. Putnam County. At Chambers. January 27th, 1880.

Pennaman brought trover for a mule against Dawson in a justice court. On the trial, the evidence in his behalf was, in brief, as follows: Plaintiff went to a livery stable where defendant had his mules and horses for sale, for the purpose of effecting a trade or swap with him. Plaintiff told defendant that he wanted a good family horse. He selected a horse which he proposed to trade for, but defendant said that horse would not suit him, as he would not work well, but that he (defendant) had a horse which would suit him. A horse was brought out which defendant said he would warrant to be a good, sound, family horse, and one which would suit plaintiff

and make him a good crop. The plaintiff proposed to have the horse ridden to see how he moved; but defendant said there was no use, to come on and sign the note for it, that it could be tried as well afterwards; that the horse might be a little stiff from standing in the stable, but he warranted him to be a good, sound, family horse. They traded, plaintiff giving a mule and a note for $55.00 for the horse. He traded on defendant's warranty, and without any knowledge of his own. He rode the horse home, and on arriving there, found it stiff in one hind leg; next day it was stiff in two legs, and a little later was down and could not get up. Plaintiff offered to rescind the trade, which defendant declined to do. Plaintiff then brought trover for the mule.

On this testimony the justice granted a non-suit. Plaintiff carried the case to the superior court by *certiorari*, which was sustained and defendant excepted.

W. B. WINGFIELD, for plaintiff in error.

No appearance for defendant.

JACKSON, Chief Justice.

This case came before the superior court on a writ of *certiorari*, and the superior court having sustained the *certiorari* and remanded the case for another hearing in the justice court, the plaintiff in error excepted and, assigns for error the judgment sustaining the *certiorari*. The suit was for a mule, wherein plaintiff in the justice court was non-suited on the ground that his testimony was insufficient *prima facie* to make a case to go to the jury. It seems that the horse was warranted to be sound, and the justice held that the action should have been upon the breach of warranty, and not in trover for the mule; but the evidence is to the effect that the plaintiff below was cheated and defrauded badly out of the mule, and hence no title passed under the Code, and the repeated

rulings of this court, and therefore the superior court was right in sustaining the *certiorari,* and awarding a new trial in the justice court.   Code, §§2633, 2751, 3178.

Unquestionably the fraud which, under section 2633, voids a sale, and consequently does not permit title to pass, must be actual fraud, mixed with deceit and corrup. tion, and not merely legal or constructive fraud ; but in this case there is evidence to show such actual fraud, and the proper tribunal should have passed upon it, and the plaintiff should not have been non-suited.   It is true that if there had been a warranty unmixed with such *actual* fraud, the plaintiff's remedy would have been a suit on the breach of that warranty; but where there is actual fraud, so that no title passed, he had his remedy or his choice of remedies, either to sue for the property, the title to which never passed from him, or on the breach of warranty for damages.   The superior court was right, therefore, to sustain the *certiorari,* and remand the cause for another hearing on the merits.

Judgment affirmed.