4538. ELYEA-AUSTELL COMPANY *v.* JACKSON GARAGE.

The rule that parol evidence is inadmissible to add to, take from, or vary a written contract has no application in a case where a waiver of one of the stipulations of the contract is asserted, and it is proved that the waiver was subsequent to the execution of the original contract. The general rule does not purport to exclude negotiations respecting written contracts, except such as are prior to or contemporaneous with the making of the written instrument, and it is permissible to prove by parol a subsequent partial modification or the entire discharge of the contract.
DECIDED AUGUST 15, 1913.

Complaint; from city court of Jackson—Judge Fletcher. August 19, 1912.

*C. L. Redman,* for plaintiff. *W. E. Watkins,* for defendants.

RUSSELL, J. The Elyea-Austell Company sued the Jackson Garage, of Jackson, Georgia, a partnership, upon an account, and the jury returned a verdict in favor of the plaintiff, but only for a portion of the amount claimed. Thereupon the plaintiff moved for a new trial; and it excepts to the judgment overruling this motion.

Upon the trial the plaintiff's president testified to the correctness of the account as stated. Among other defenses, the defendants sought to recoup damages on account of an alleged breach of one of the stipulations of the contract between the parties; and it appears, from the verdict, that the jury sustained this contention. In the contract, which was introduced by the defendants, the plaintiffs agreed not to sell "Indian" motorcycles at a discount, in the territory allotted to the defendants, during the continuance of the agreement. It appears, from the evidence, that in violation of this stipulation, the plaintiff sold to Edwards & Jenkins, both of whom live at Jackson, Georgia, an Indian motorcycle at the list price of $225. Edwards and Jenkins testified that the plaintiff informed them that the plaintiff had a contract with the Jackson Garage by which the plaintiff could not ship the motorcycle to Jackson; so it was shipped to Locust Grove. According to the stipulation in question, the discount which would have represented the profit to the defendants, in case they had sold the motorcycle to Edwards & Jenkins, was twenty per cent. of the list price of $225,—$45; which the jury apparently allowed the defendants to recoup. There was other testimony on the part of the defendants which authorizes and accounts for the remainder of the difference between the amount of the verdict and the sum originally claimed by the plaintiff.

In the contract introduced by the defendants there is a stipulation requiring the Jackson Garage to carry a sample motorcycle or motorcycles always in stock during the continuance of the agreement, but the defendants testified that subsequently to the signing of the contract, the Elyea-Austell Company agreed to waive this condition. The testimony as to this waiver was admitted by the court, over the objection of the plaintiff that it was inadmissible to vary the written contract by parol evidence. The error assigned

upon the admission of this testimony is the only point seriously insisted upon here. The burden of the plaintiff's complaint is that the court erred in allowing the defendants to testify that the part of the contract wherein the plaintiff agreed that the defendants should have a certain commission on motorcycles was waived in respect to the condition requiring the defendants to keep a sample motorcycle on exhibition. We find no error in the ruling upon the admissibility of the evidence. The case is not one of an attempt to alter or vary the terms of a written contract by seeking to prove a prior or contemporaneous parol agreement, but is one in which the testimony is to the effect that subsequently to the execution of the contract, and entirely disconnected therewith, there was an express waiver of the condition to which we have referred.

The cases cited by counsel for plaintiff in error do not sustain his contention. In *Hawkins* v. *Studdard,* 132 *Ga.* 266 (63 S. E. 852, 131 Am. St. R. 190), Justice Holden points out that the parol agreements in question were contemporaneous with the contract; and the same is true of the case of *Reams* v. *Thompson,* 5 *Ga. App.* 226 (62 S. E. 1014), in which Judge Powell delivered the opinion of this court. The rule stated in the headnote is announced in *Loveless* v. *Bridges,* 136 *Ga.* 339 (71 S. E. 166), and it had been previously and frequently recognized by the Supreme Court and by text-writers. See Jones on Evidence, 557, § 442; Civil Code, § 5794.                              *Judgment affirmed.*