## 7018, 7036.   MARTIN *v.* WAYCROSS COCA-COLA BOTTLING COMPANY; and *vice versa.*

1. The court did not err in overruling the motion to dismiss the plaintiff's petition.
2. The action being for damages on account of sickness alleged to have been caused the plaintiff by drinking from a bottle a liquid manufactured, bottled, and sold by the defendant, and bought by the plaintiff from a grocer to whom the defendant had sold it for the purpose of being sold to the public as a harmless and refreshing beverage, and which, it was alleged, by reason of the negligence of the defendant, contained the body of a dead and putrid mouse, discovered by the plaintiff after she had swallowed a part of the contents of the bottle, and there being evidence supporting the allegations of the petition, and from which a jury could infer that the plaintiff's sickness and physical pain were caused by the poisonous nature of the liquid, and that the manifestation of the sickness by vomiting and otherwise was an exhibition of nature's effort to expel a poison, although a jury might prefer the inference that the plaintiff's suffering was due to mental anguish caused by her discovery of the loathsome contents of the drink, it was error to grant a nonsuit.

DECIDED JUNE 1, 1916.

Action for damages; from city court of Waycross—Judge McDonald.    September 25, 1915.

*David J. Lewis, Allen B. Spence, E. R. Smith,* for plaintiff, cited: *Watson v. Augusta Brewing Co.,* 124 *Ga.* 121; Jackson Coca-Cola Bottling Co. *v.* Chapman, 108 Miss. 864 (64 Southern, 791); Tomlinson *v.* Armour & Co., 75 N. J. L. 748 (70 Atl. 314, 19 L. R. A. (N. S.) 924 (5, 6) ); Mazetti *v.* Armour & Co., 75 Wash. 622 (135 Pac. 633); Trafton *v.* Davis, 110 Me. 318 (86 Atl. 179); Haley *v.* Swift, 152 Wis. 570 (140 N. W. 292); Wilson *v.* Ferguson Co., 214 Mass. 265 (N. E. 381); Civil Code (1910), § 5942; 4 Mich. Dig. Ga. R. 353, 554; 13 Id. 574; 15 Id. 705; 17 Id. 756; Black's Law Dict., "Sickness;" 36 Cyc. 436; 2 Hopk. Pers. Inj., § 661, pp. 1314-15; *W. U. Tel. Co. v. Ford,* 8 *Ga. App.* 514 (1); *Glawson* v. *Sou. Bell Tel. Co.,* 9 *Ga. App.* 454 (2); *Payne* v. *Rome Coca-Cola Bottling Co.,* 10 *Ga. App.* 762; *Wallace*

v. *Sou. Ry. Co.,* 10 *Ga. App.* 90; *Cavanaugh* v. *Biggin,* 9 *Ga. App.*
466; *Savannah Ry. Co.* v. *Evans,* 121 *Ga.* 302 (5); *Killian* v.
*Augusta &c. R. Co.,* 79 *Ga.* 236 (11); Civil Code (1910), § 4502;
*W. & A. R. Co.* v. *Abbott,* 74 *Ga.* 851 (3); *Goodwyn* v. *Cen. Ry.
Co.,* 2 *Ga. App.* 471 (6); *Macon Ry. Co.* v. *Lewis,* 4 *Ga. App.* 317.

*Crawley, Redding & Crawley, Wilson & Bennett,* for defendant;
cited: *Western Union Tel. Co.* v. *Knight,* 16 *Ga. App.* 203; *Goddard* v. *Waters,* 14 *Ga. App.* 726; *Chapman* v. *Western Union Tel.
Co.,* 88 *Ga.* 763; *Austin* v. *Augusta Terminal R. Co.,* 108 *Ga.* 709;
6 Words & Phrases, 5374; Deming v. Chicago &c. Ry. Co., 80 Mo.
App. 152, 157; Terre Haute Electric Ry. Co. v. Lauer, 52 N. E.
703 (6); People v. Moore, 3 N. Y. Supp. 159-60; 1 Words &
Phrases, 817; 5 Id. 4475; San Antonio &c. Ry. Co. v. Corley,
(Tex.) 26 S. W. 903-4; 13 Cyc. 39 (3); Braun v. Craven, 175 Ill.
401 (51 N. E. 657); Pittsburg &c. R. Co. v. Story, 63 Ill. App.
239; Sou. Exp. Co. v. Platten, 93 Fed. 936 (4); 30 Cyc. 1538,
note on "Physical injury;" *Watson* v. *Augusta Brewing Co.,* 124
*Ga.* 121; *Palmer Brick Co.* v. *Chenall,* 119 *Ga.* 842; *Crigger* v.
Coca-Cola Bottling Co., (Tenn.) 179 S. W. 155.

RUSSELL, C. J. So far as my investigation has extended, there is
but one reported case in which the facts are nearly identical with
those of the present case. That is the Mississippi case of Jackson Coca-Cola Bottling Co. v. Chapman, 108 Miss. 864 (64 So.
791), where the plaintiff purchased from a grocer, for the purpose
of refreshing himself, a bottle of Coca-Cola which the defendant,
a bottling company, had bottled and sold for public consumption as
a harmless and refreshing beverage, and in which, after having
swallowed a part of the contents, he discovered a decomposed
mouse. It made him sick, and the court held that he was entitled
to recover for the sickness caused by the "wee sleekit, cow'rin',
tim'rous beastie" drowned in the bottle. The decision of the Supreme Court of Mississippi was based on a decision of the Supreme
Court of our own State, in which the law was stated by Judge
Candler as follows: "When a manufacturer makes, bottles, and
sells to the retail trade, to be again sold to the general public, a
beverage represented to be refreshing and harmless, he is under a
legal duty to see to it that in the process of bottling no foreign
substance shall be mixed with the beverage which, if taken into
the human stomach, will be injurious. . . The duty not negli-

gently to injure is due by the manufacturer · . not merely to the dealer to whom he sells his product, but to the general public for whom his wares are intended." *Watson* v. *Augusta Brewing Co.,* 124 *Ga.* 121 (52 S. E. 151, 1 L. R. A. (N. S.) 1178, 110 Am. St. R. 157).

In the present case the plaintiff was nonsuited, on the ground that the evidence did not authorize a recovery of damages against the defendant. This we think was error. In the motion to nonsuit and in the argument in this court, counsel for the defendant contended that the plaintiff's evidence showed that she suffered nothing but mental pain and anguish, and therefore no damages were recoverable. While, under the rule announced in the Georgia case of *Chapman* v. *Western Union Telegraph Co.,* 88 *Ga.* 763 (15 S. E. 901, 30 Am. St. R. 183, 17 L. R. A. 430), one could not recover for mental anguish due merely to extreme delicacy of taste or to wounded feeling caused by the consciousness of having swallowed a liquid in which a dead mouse was in process of dissolution, or for nausea produced entirely by that mental aversion which the Aryan race instinctively entertains to ratty nourishment, there is evidence from which the jury could have inferred that in this instance the liquid, which was a blend of Coca-Cola and putrid mouse juice, of itself caused the sickness from which the plaintiff testified she suffered, and that she would have been made sick by it even if she had not seen that there was a decaying mouse in the bottle. She testified that she took a large swallow before she saw the mouse; and it is not, as a matter of law, to be concluded that the nausea from which she suffered was due to the mental shock caused by seeing a dead mouse in the liquid she was imbibing, rather than that the nausea, sickness, and pain were primarily due to the poisonous nature of the hideous brew, which her physical nature revolted against and attempted to expel without her mind consciously becoming a collaborator in the effort and before the mind became a participant in the suffering. Granting that if the nausea, sickness, and pain from which she suffered were wholly due to that extreme delicacy of feeling and sentiment which can not, under the rule announced in the case of *Chapman* v. *Western Union Telegraph Co.,* supra, be the subject of compensation, the facts to which she testified would not have compelled a jury to conclude that she did not undergo physical pain and suffering; and for this she would be entitled to compensation, even though the

injury may have been small and the damages merely nominal. Civil Code, § 3905.

A nonsuit should not be awarded merely because the evidence does not demand a finding for the plaintiff, and a nonsuit should not be granted if a finding for the plaintiff would be authorized by the testimony and by inferences which can naturally and reasonably be deduced therefrom and which are supported by the evidence as a whole. Civil Code, § 5942. As to conclusions to be drawn from the evidence, jurors, as was once said by Judge Bleckley, are the proper doctors of doubts. A case should not be mechanically chopped off by the process of nonsuit (*Vickers* v. *Atlanta & West Point R. Co.*, 64 *Ga.* 307), when the evidence presents two limbs, one of which the jury might find to be a sound member, though the other be so legally worthless as to require amputation. In our opinion, while the evidence in the present case perhaps does not *require* a jury to find that the nature of the liquid sold by the defendant and swallowed by the plaintiff was the proximate cause of physical suffering and injury to her person, it is sufficient to *authorize* such a finding. It is uncontradicted that she was made sick; and of course one may recover for sickness caused by the negligence of another. The definition of "sickness" in Black's Law Dictionary includes "any morbid condition of the body . . which for the time being hinders and prevents the organs from normally discharging their several functions." "Any affection of the body which deprives it temporarily of the power to fulfil its usual functions" is sickness. 36 Cyc. 436. The fact that a particular plaintiff was sick only a short time, or that no critical illness resulted from the negligence of the defendant, might minimize the damages recoverable, but it would hardly so bring the case under the maxim de minimis non curat lex as to deprive the plaintiff of a right to recover. That the plaintiff was cured of the effect caused by the rodent whose ghastly condition is portrayed in the testimony does not necessarily make this a case in which the latin "curat" is synonymous with cure rat, or rat cure.

We apprehend that the learned trial judge regarded the case as one in which the only suffering endured by the plaintiff was mental pain consequent upon the discovery of a rotten mouse in the bottle of Coca-Cola from which she was drinking. If the evidence was subject to no other construction, his judgment would undoubtedly be correct, under the decision in *Chapman* v. *Western Union Tele-*

*graph Co., supra,* but it is clear to our minds that there was sufficient evidence, in due accord with the petition, to have authorized a jury to find that the physical sickness and physical pain of the plaintiff were caused by the physical effort to repel a poisonous fluid; and for this reason we hold that the court erred in awarding a nonsuit. If the plaintiff, after having swallowed an unnatural and deleterious compound, which necessarily was injurious to her body and which caused physical pain and sickness, to her damage, suffered additional mental pain, which was consequent and directly dependent upon her physical suffering, this would merely aggravate the injury.

*Judgment, on main bill of exceptions, reversed; on cross-bill, affirmed.*