35308. HARDIN *v.* NICHOLAS *et al.*

TOWNSEND, J. In passing upon the question of whether or not the court rightly awarded a nonsuit, the evidence must be construed most strongly in favor of the plaintiff's right to recover. *National Land & Coal Co.* v. *Zugar,* 171 *Ga.* 228 (2) (155 S. E. 7). "A motion for nonsuit presents only the question of whether the plaintiff has proved his case substantially as laid, and where, under the most favorable construction, a prima facie case has been made out, the grant of a nonsuit is error. *Henry* v. *Roberts,* 140 *Ga.* 477 (79 S. E. 115); *Box* v. *Atlantic & B. R. Co.,* 120 *Ga.* 1050 (48 S. E. 427)." *Reese* v. *Bice,* 87 *Ga. App.* 519, 521 (74 S. E. 2d 476). "Regardless of whether a petition sets out a cause of action, if the plaintiff proves every fact charged, without at the same time disproving his right to recover by establishing the existence of other undisputed facts which show that he is not entitled to a verdict, it is not proper to award a nonsuit." *Clark* v. *Bandy,* 196 *Ga.* 546 (27 S. E. 2d 17).

Under the foregoing authorities, the question of whether or not the petition in this case set out a cause of action against the defendants is not before this court. The petition alleged, and the plaintiff proved,

that she was a tenant of the defendants; that she gave him notice as to defective flooring in one part of the apartment through his acknowledged agent; and that defective flooring in another part of the apartment caused her to fall and suffer the injuries alleged. She established by proof some of the acts alleged in the petition to be negligence on the part of the defendant, and thus proved her case substantially as laid. Accordingly, the grant of the nonsuit was error.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 1, 1954.

*Robert L. Mitchell,* for plaintiff in error.