## 38036. FEW *v.* AUTOMOBILE FINANCING, INC.

DECIDED MAY 17, 1960—REHEARING DENIED JUNE 7, 1960.

*Preston L. Holland,* for plaintiff in error.
*Tindall & Tindall,* contra.

BELL, Judge. Where the petition alleges a contract for the sale of an automobile on an instalment basis; that the defendant finance company entered into an agreement with the plaintiff whereby the defendant undertook to finance the automobile; that there were false representations on the part of the defendant in this financing agreement; that the defendant wrongfully seized and repossessed the automobile; that the defendant thereupon rescinded the contract whereby the plaintiff was entitled to recover the instalments paid; and that the plaintiff rescinded the contract because of the fraudulent acts of the defendant, the action is not subject to nonsuit if the evidence establishes a prima facie case on the cause or causes established by the petition.

In the instant case there is evidence to show that there is a doubt as to whether the seizure of the automobile was wrongful, and thus a jury question is raised, and a nonsuit should not have been granted.

Whether the acceptance of payments after their due date results in a departure from the original contract under Code § 20-116 usually presents an issue for the determination of a

jury (*Mauldin* v. *Gainey,* 15 *Ga. App.* 353, 83 S. E. 276), and does so in this case. Code § 20-116 provides: "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." Furthermore, the provision against waiver of contractual rights may itself be found by the jury to have been waived. *Commercial Casualty Ins. Co.* v. *Campbell,* 54 *Ga. App.* 530 (188 S.E. 362). The protection sought to be granted by Code § 20-116 should not be dissipated by compounding non-waiver provisions in a contract. Though the case of *Sovereign Camp WOW* v. *Hart,* 187 *Ga.* 304 (200 S.E. 296) indicates opposition to a rampant acceptance of waivers on insufficient proof, its decision is engrossed in the particular facts and the provisions of membership in a fraternal benefit association and does not control this case.

Although the petition and evidence do not narrow the problem down to a single cause of action, where there is evidence to raise a prima facie case on any cause stated in the petition, a nonsuit should not be granted. See *Dawson* v. *Pennaman,* 65 *Ga.* 698.

Under the rules for determining the propriety of a nonsuit, namely: (1) the requirement that a nonsuit should not be granted if the evidence and inferences naturally and reasonably deduced therefrom authorize a finding for the plaintiff (*Martin* v. *Waycross Coca-Cola Bottling Co.,* 18 *Ga. App.* 226, 229, 89 S. E. 495); (2) that only slight evidence to support a case is necessary to prevent a nonsuit (*Barrett & Co.* v. *Terry & Smith,* 42 *Ga.* 283, 288); (3) that if there be any evidence whatever to sustain the action it must go to the jury and the court may not grant a nonsuit (*Berger* v. *McNatt,* 211 *Ga.* 546, 87 S. E. 2d 73), and (4) that the evidence must be construed most strongly in favor of the plaintiff's right to recover as against a nonsuit (*Henry* v. *Roberts,* 140 *Ga.* 477, 79 S. E. 115; *Hardin* v. *Nicholas,* 90 *Ga. App.* 738, 84 S. E. 2d 110), the nonsuit here was unjustifiably granted.

The order of the Civil Court of Fulton County sustaining the motion for nonsuit is hereby reversed.

*Judgment reversed. Townsend, Carlisle, and Nichols, JJ., concur. Felton, C. J., Gardner, P. J., and Frankum, J., dissent.*

FELTON, Chief Judge, dissenting. While the acceptance of late instalment payments by the defendant amounted to a waiver of the contract provisions requiring payment on or before the 29th day of each month, the effect of this waiver was in my opinion limited to the individual instalments accepted after the contract date and did not constitute a quasi new agreement as to future instalments because of the express provision of the contract as follows: ". . . and failure of the holder to insist on full, absolute and complete compliance with any provisions of the contract, in any one . or more instances, shall not be deemed as a waiver of holder's right at any and all times thereafter to such compliance . . ." In the absence of this provision, I think the requirements of notice contained in Code § 20-116 would apply, but I believe that this provision constitutes a waiver by plaintiff of the protection afforded him by Code § 20-116. A person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest. Code § 102-106.

The cases of *Adams* v. *Washington Fidelity Nat. Ins. Co.,* 48 *Ga. App.* 753(2) (173 S.E. 247) and *Commercial Casualty Ins. Co.* v. *Campbell,* 54 *Ga. App.* 530 (188 S.E. 362) are insurance cases and do not have involved the same provision relative to the rights to insist on strict compliance by one party. The court in the first case simply applied the rule of waiver of strict compliance from which Judge Jenkins dissented, and we think correctly. In the second case the court grasped for some reason to hold that the non-waiver of the right to strict compliance was waived. Whether the court was right in so doing or not the case is not authority for the majority ruling here, because in this case there are no facts which could be said to constitute a waiver by the finance company of its right to rely on strict compliance with the provisions of the contract. I think that this decision is a radical departure from the generally accepted proposition that a party may waive his rights when by

so doing he does not injure others or affect the public interest. Many contracts of various kinds now contain the provision against waiver of strict compliance. Of course, the result of a waiver by a debtor could possibly in some cases cause him injury. That consideration should, however, be weighed against the possibility of a harsher and a more injurious policy of insisting on strict compliance in the event a creditor cannot protect himself in leniency and indulgence granted to debtors. Until Code § 102-106 is changed the courts should follow it. If the cases cited above are authority for the majority holding they should be overruled.

Gardner, Presiding Judge, and Frankum, Judge, concur in the foregoing dissent.