## 54947. J. E. M. ENTERPRISES, INC. v. TACO PRONTO, INC.

McMurray, Judge.

In February of 1970, J. E. M. Enterprises, Inc., as lessor, and Taco Pronto, Inc., as lessee, entered into a lease agreement whereby for a stated consideration lessor agreed to rent space to lessee for the operation of lessee's restaurant. As a part of the stated consideration for the lease, lessee was to pay to lessor " . . . upon demand, as an additional rental . . . all taxes . . . on the premises for each tax year during the leased term . . ." (See (e) of the special provisions).

No demand was made on lessee to pay the taxes as additional rent pursuant to its agreement with lessor until August of 1976, when demand for taxes paid by the lessor in lessee's behalf was made upon lessee by letter dated August 4, 1976. Lessee responded by paying the 1976 taxes but failed and refused to pay the remainder of the taxes which lessor had paid in the amount of $10,623.06.

Whereupon J. E. M. Enterprises, Inc. brought suit to collect the amounts due it under its lease with Taco Pronto, Inc. Defendant denied the indebtedness, including also in its answer, defenses of estoppel, lack of due diligence amounting to laches, and the statute of limitation barred the claim. Trial was held, and defendant admitted the genuineness of the lease, the enforceability of all provisions of the lease, and receipt of plaintiff's demand for taxes as additional rental which were allegedly due but unpaid. Defendant contends that it was never notified with reference to the payment of taxes until receipt of the letter dated August 4, 1976, that the lease was prepared by the plaintiff and provided that time was of the essence and that the plaintiff is now estopped from claiming any taxes for the years 1970 through 1975, and plaintiff is barred from claiming any taxes for the years 1970, 1971, 1972, and 1973.

The jury returned a verdict for the defendant and the judgment followed the verdict. Plaintiff appeals. *Held:*

1. The first enumeration of error is concerned with the allowance in evidence of testimony concerning a

conversation between the parties which plaintiff contends amounted to an oral modification of the written contract between the parties. Objection was made that this testimony constituted hearsay, violated the parol evidence rule and to constitute modification of the written contract it should have been in writing. In substance this testimony amounted to an agreement that the plaintiff was collecting enough rent and that "he [plaintiff's president] said he would not collect the taxes." This testimony was an admission against interest of the corporate plaintiff by its agent and was not hearsay testimony. *Imboden v. Etowah &c. Mining Co.,* 70 Ga. 86 (11); *Timeplan Loan &c. Corp. v. Moorehead,* 221 Ga. 648, 650 (1) (146 SE2d 748). While parol evidence is inadmissible to add to, take from, or vary, a written contract, the parol evidence rule has no application to a case where waiver of a stipulation of the contract is being asserted. *Elyea-Austell Co. v. Jackson Garage,* 13 Ga. App. 182 (79 SE 38); *Evans v. Henson,* 73 Ga. App. 494, 498 (37 SE2d 164). Defendant did not contend that this provision was no longer part of the lease so as to prevent collection of taxes, but that there had been a waiver for prior years since it promptly paid the taxes for 1976 upon demand. Written contracts may be modified by a subsequent agreement founded on consideration. *Evans v. Henson,* 73 Ga. App. 494, supra; *P & O Machine Works, Inc. v. Pollard,* 115 Ga. App. 96 (153 SE2d 631); *Giant Peanut &c. Co. v. Long Mfg. Co.,* 129 Ga. App. 685 (201 SE2d 26). This enumeration of error is not meritorious.

2. The next enumeration of error alleges that the court erred in excluding answers to the interrogatories and requests for admission of the defendant which were tendered into evidence by plaintiff at the close of plaintiff's case. The trial court held that same was a part of the discovery proceeding and that the witness involved therein had taken the stand, was sworn and had testified. Undeniably, the plaintiff could have used the prior responses of the witness to interrogatories and admissions to impeach or otherwise challenge the credibility of the witness during the examination of him. However, same was secondary evidence in which primary evidence had been entered and under Code § 38-212 it was not error to

deny the admission of this secondary evidence where the witness was sworn and testified. See also *Benn v. McBride,* 140 Ga. App. 698, 699 (3) (231 SE2d 438); *Clairmont Development Co. v. Tri-State Culvert Mfg., Inc.,* 141 Ga. App. 469, 470 (233 SE2d 859). The trial court did not err in refusing to allow the written responses where the witness had testified.

3. The remaining enumeration of error complains that the court's charge on waiver was improper inasmuch as the contract itself contained an anti-waiver provision. However, a provision against waiver of contractual rights may itself be waived. See *Few v. Automobile Financing, Inc.,* 101 Ga. App. 783, 784 (115 SE2d 196); *Commercial Cas. Ins. Co. v. Campbell,* 54 Ga. App. 530, 534 (188 SE 362); *Crawford v. First Nat. Bank of Rome,* 137 Ga. App. 294, 295 (223 SE2d 488). The trial court did not err in charging on the main defense of the defendant established by the evidence that the plaintiff had waived exact compliance with the terms of the contract. There is no merit in this complaint.

*Judgment affirmed. Quillian, P. J., concurs. Webb, J., concurs specially.*

ARGUED JANUARY 10, 1978 — DECIDED APRIL 5, 1978.

*Kaler, Lefkoff, Pike & Fox, John R. Grimes,* for appellant.

*Peek & Whaley, J. Corbett Peek, Jr., James Garland Peek,* for appellee.

WEBB, Judge, concurring specially.

The issues presented by this appeal were discussed and ruled upon in *B-Lee's Sales Co. v. Shelton,* 141 Ga. App. 870 (1-3) (234 SE2d 702) (1977), and under the analysis there made, and the authorities it cites, I concur in the judgment of affirmance.