## 59697. HENRY et al. v. MOISTER.

SOGNIER, Judge.

On November 4, 1974, appellants Henry and Kalb executed a non-negotiable promissory note in the amount of $191,000 to Bentley in exchange for Bentley's interest in 22.5 acres of land. Interest on the note was 6% per annum on the principal, payable on "the 4th day of each year, commencing on the 4th day of November, 1975." The principal sum was due in its entirety on or before November 4, 1980. The note provided that upon default of any installments, the unpaid balance of the principal would become due and payable.

In April, 1975, Bentley assigned the note to one B. L. Twiggs to secure a loan of $35,000 from Twiggs to Bentley. In May, 1976, Bentley filed bankruptcy and was adjudicated bankrupt in April, 1977. Moister was appointed trustee in bankruptcy and he and Twiggs filed suit against appellants in December, 1978, since no installment payments had been made on the note. Twiggs dismissed his suit without prejudice. The case went to jury trial; the trial court directed a verdict against appellants and they appeal.

1. Appellants first enumerate as error the trial court's refusal to add the estate of B. L. Twiggs as an involuntary party plaintiff pursuant to Code Ann. § 81A-119 (a). Appellants contend that Twiggs is an indispensable party to the case since his absence would subject them to a substantial risk of incurring multiple obligations.

Bentley assigned to Twiggs "all my right, title and interest in and to a certain promissory note dated November 4, 1974, payable to my order in the amount of One Hundred Ninety One Thousand ($191,000.00) Dollars executed by Clifford D. Henry and Henry G. Kalb, Jr." The assignment was made "to secure debt evidenced by restrictive endorsement by Assignor to the extent of Thirty Five Thousand ($35,000.00) Dollars on a certain promissory note dated April 28, 1975, said note made by Anthony Coal Company to the order of B. L. Twiggs, for the principal sum of One Hundred Five Thousand ($105,000.00) Dollars . . ."

Appellee contends that the assignment to Twiggs was a partial assignment; therefore, Twiggs is not necessary as a party to the suit and, in fact, is not a *proper* party to a suit at law between the makers of the note. Appellee argues that a *partial* assignment of a debt unless assented to by the debtor, conveys to the assignee only an equitable title to that portion of the debt which has been assigned. The assignor holds legal title to the debt and is the proper party to maintain a suit on the note and, thereafter, pay over any money collected on the note to the assignee. *Hubbard v. Bibb Brokerage Co.,* 44 Ga. App. 1, 2 (160

SE 639) (1931); *Shearer v. Shearer,* 137 Ga. 51 (72 SE 428) (1911); *Robinson Explosives v. Dalon Contracting Co.,* 132 Ga. App. 849 (209 SE2d 264) (1974). While this is a correct statement of the law, it is inapplicable here.

The terms of the assignment are clear and unequivocal on the face of the assignment. Bentley assigned *all* his right, title and interest in the note and stated in the assignment that "Assignee shall be entitled to exercise any or all of the rights, privileges, and powers, concomitant with full and complete ownership of the promissory note assigned hereunder." Where creditors make a full written assignment of their claim to a third person, although it be to secure a lesser indebtedness of theirs to the assignee, the assignment vests in the assignee the full legal title to the entire chose in action; and in such a case the assignee is vested with the right to maintain an action for the full amount of the chose in action, being charged with the duty of holding the excess, above the amount of the secured debt, as trustee for the assignors. *Brown v. West,* 35 Ga. App. 444 (133 SE 304) (1926); *Gleaton v. Bank of Arlington,* 40 Ga. App. 291, 294 (149 SE 438) (1929).

Twiggs now being deceased, the executor of Twiggs' estate holds title to the note and is the proper party to bring suit on the note. Appellants properly filed their motion to dismiss for failure to join an indispensable party under Code Ann. § 81A-119(a). The trial court in its pre-trial order denied appellants' motion stating that Twiggs was not an indispensable party and that the court was not concerned with any assignment of the note. This was error. However, before the trial court could dismiss based on such a motion a reasonable time must be allowed after appellants' motion is heard and before dismissal for joinder or substitution of Twiggs' estate. Code Ann. § 81A-117 (a). We reverse and remand for a new trial on condition that appellee move to join Twiggs as a party plaintiff. The trial court is directed to permit such joinder, but upon failure of appellee to so move within 20 days of receipt of the remittitur, a dismissal for failure to join an indispensable party shall be entered. *S. D. H. Co. v. Stewart,* 135 Ga. App. 505, 509 (218 SE2d 268) (1975).

2. In view of our holding in Division 1, we will not rule on appellants' other enumerations of error.

*Judgment reversed and remanded. Deen, C. J., and Birdsong, J., concur.*

Argued April 7, 1980 — Decided July 16, 1980 —
Rehearing denied July 30, 1980.

*Taylor W. Jones, Michael R. Uth,* for appellants.

*William F. Clark, Sarah K. Walls, Roger W. Moister, Jr.,* for appellee.