## 61633. HENRY et al. v. HEMINGWAY et al.

SOGNIER, Judge.

This is the second appearance of this case in this court; the facts are set forth in our first opinion, *Henry v. Moister,* 155 Ga. App. 462 (271 SE2d 40) (1980). In that opinion we held that Twiggs, assignee of the note in question, was an indispensable party to the case; therefore, we reversed and remanded for a new trial on condition that Moister (plaintiff-appellee) move to join Twiggs as the party plaintiff. Moister so moved; Twiggs now being deceased, Hemingway, executor of Twiggs' estate, was joined as a party plaintiff. Both sides stipulated that the record and transcript of the first trial would constitute the record and transcript in the instant case; the trial court issued a pre-trial order including a statement that in the absence of new and unusual evidence, the court would rule the same way at the second trial as it did at the first. The trial court again directed a

verdict for appellees and Henry and Kalb appeal.

1. On November 2, 1979, nine months after appellants filed their answer, the trial judge held a pre-trial conference. During the conference the trial judge ruled that a defense of setoff would be excluded at trial because it was raised for the first time at the conference, and was based on claims which arose before the note was executed. At the conclusion of the conference (2:40 p.m.), the trial judge directed appellee Moister's counsel to prepare a written pretrial order. The order was signed in less than an hour, and stated that it was entered "as of 2:40 p.m., November 2, 1979," the time the pre-trial conference ended. Immediately upon conclusion of the pre-trial conference, appellants' counsel submitted to the court a handwritten amendment to their answer, adding the defense of setoff. The court issued a written order disallowing the amendment on the ground that it was proffered after the court entered a pre-trial order "but before said Order was reduced to writing." The order also provided: "The plea of setoff or any reference to the same had not been made during the other proceedings in this case, and nowhere appears in the pleadings prior to this purported amendment. Therefore, the amendment is not allowed." Appellants contend that disallowance of their amendment was error, as it was proffered prior to entry of the pre-trial order.

Code Ann. § 81A-115 (a) provides, in pertinent part: "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order. Thereafter the party may amend his pleading only by leave of court . . . and leave shall be freely given when justice so requires . . ." Since the order stated that it was entered as of 2:40 p.m., the exact time the pre-trial conference ended, it was entered prior to the time the amendment was proffered by appellants. Further, the written order denying leave to amend stated that the amendment was proffered after the order had been entered. Thus, the decision of whether to allow the amendment was discretionary with the trial court, and we find no abuse of discretion. *Marshall v. Fulton Nat. Bank,* 152 Ga. App. 121, 123 (2) (262 SE2d 448) (1979) (reversed on other grounds, 245 Ga. 745).

2. a. In Enumeration 4 appellants contend the trial court erred by refusing to allow testimony by the original payee and one of the makers as to whether interest was due and payable on the note, and if so, when it was due.

Bentley, the original payee of the nonnegotiable note, testified that no interest was due on the note prior to his personal bankruptcy in 1976; the trial court struck this testimony. Thereafter, appellants sought to introduce testimony of one of the makers of the note that no

interest was due, as it had been waived; the trial court also excluded this testimony, although the pre-trial order stated that evidence as to "whether interest on the document is due; when does it run from; how should it be computed" would be admissible. The trial court excluded the testimony on the premise that parol testimony cannot be used to alter the terms of a written agreement, i.e., the note, which provides that interest was payable annually commencing on November 4, 1975. However, in this case we do not have one party to the agreement seeking to alter the terms of a written agreement. Rather, we have the original payee and one of the makers of the note attempting to show a mutual agreement to modify the original terms relating to payment of interest; that is, a waiver of interest payments. In a similar case, where testimony to show waiver of payment of taxes required under a written lease was excluded on the same ground as here, we held: "While parol evidence is inadmissible to add to, take from, or vary, a written contract, the parol evidence rule has no application to a case where waiver of a stipulation of the contract is being asserted. [Cits.]" *J. E. M. Enterprises v. Taco Pronto,* 145 Ga. App. 573, 574 (1) (244 SE2d 253) (1978). Appellants here did not contend that the provision relating to interest was no longer a part of the note, but sought to show there was a waiver. Thus, it was error to exclude such testimony, id., where as here appellee trustee in bankruptcy is not a holder in due course, and the note is nonnegotiable.

b. In Enumerations 2 and 3 appellants contend the trial court erred by excluding testimony as to failure of consideration and failure to perform a condition precedent. In regard to failure of consideration, the trial court did not exclude testimony on this issue. On the contrary, the court stated specifically that such testimony would be permitted. This court cannot consider factual representations in a brief which do not appear in the record. *Coweta Bonding Co. v. Carter,* 230 Ga. 585, 586 (1) (198 SE2d 281) (1973); *Gray v. State,* 156 Ga. App. 117, 119 (3) (274 SE2d 115) (1980).

As to the exclusion of testimony relating to failure to perform a condition precedent, no offer of proof on this issue was made by appellants. Hence, Enumeration 2 is insufficient to raise any question for determination by this court. *Barfield v. Aiken,* 209 Ga. 483, 484 (6) (74 SE2d 100) (1953). While appellees' evidence concerning performance of the condition precedent appeared more than adequate; nevertheless, appellants have the right to rebut such evidence, and testimony on this issue should be permitted by them on retrial.

3. Enumeration 5, complaining of the failure to direct a verdict for appellants, is without merit.

In view of the conflict existing as to interest due on the note, it

was error to grant appellees' motion for a directed verdict, as evidence strongly supporting, but not demanding, a particular finding does not warrant a directed verdict. Code Ann. § 81A-150 (a); *E-Z Go Car Div. &c. v. Kuhlke Const. Co.*, 141 Ga. App. 711 (234 SE2d 339) (1977).
*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JULY 9, 1981 —
REHEARING DENIED JULY 23, 1981.

*Taylor W. Jones, Michael R. Uth*, for appellants.
*William F. Clark, Roger W. Moister, Jr.*, for appellees.