## 63655. DORSEY HEATING & AIR CONDITIONING COMPANY, INC. v. GORDON.

McMURRAY, Presiding Judge.

Gordon purchased on open account 22 heating and air conditioning units in the amount of $2,477 from Dorsey Heating & Air Conditioning Company, Inc. (Dorsey), which were installed in certain properties he was developing. Shortly thereafter Dorsey went out of business, and the Oconee State Bank (the bank) foreclosed on a note secured by all of Dorsey's equipment and accounts receivable, taking possession of all collateral secured thereby pursuant to a writ of possession. The bank notified Gordon that it had taken title to the account and was to be paid the amount owing to Dorsey. Gordon responded by letter that the units were purchased under warranty to repair or replace with no charge for a period of one year; that there were some units never installed and others already defective; and that since Dorsey was defunct and unable to honor the warranty agreement he was reluctant to pay any amount until the problems were resolved. Gordon suggested that he would hold in escrow the amount allegedly due Dorsey for a period of one year from Dorsey's insolvency, taking only from that amount the expenses incurred on repairs, with the balance to be remitted to the bank at the expiration of the one-year period. The bank, after unsuccessfully attempting to

collect on Dorsey's accounts receivable, turned over all accounts to Dorsey's attorney, at his request, who brought this suit against Gordon on behalf of Dorsey.

Defendant Gordon's responsive pleadings admitted that counsel had made demand and been refused payment, but denied that he owed the amount sought by plaintiff or that the complaint stated a claim against him for which relief could be granted. At trial an officer of the bank testified that to the best of his knowledge the bank had been paid all the money owed to it by plaintiff and that it had not authorized counsel to bring suit on the account. The bank officer did not know why counsel requested the accounts to be returned to him, but counsel stated that it was for the purpose of collecting them and with the bank's approval.

At the close of the evidence defendant Gordon moved for a directed verdict on the ground that plaintiff had failed to establish the existence of an account due it by defendant, or that it had any standing to bring an action on its own or on behalf of anyone. The trial court found that the evidence showed "without any question" that the bank had acquired title to the account, and that even though it may have later been turned over to plaintiff's counsel there was no valid reassignment back to Dorsey of the account so as to authorize a suit in its behalf against Gordon. The verdict directed in favor of the defendant Gordon is now appealed. *Held:*

Under the Uniform Commercial Code, a secured party in possession has the rights, remedies and duties provided in Code Ann. § 109A-9—207 (Ga. L. 1978, pp. 1081, 1099), as well as the rights and remedies referred to in Code Ann. § 109A-9—501 (Ga. L. 1978, pp. 1081, 1128). On default the secured party is entitled to notify an account debtor to make payment to it. Code Ann. § 109A-9—502 (Ga. L. 1978, pp. 1081, 1130). Plaintiff insists, however, that the legal title to collateral, which is in the first instance in the debtor, remains in the debtor under Article 9 and does not pass to the secured party even upon default on the underlying transaction, unlike an unequivocal assignment of a chose in action for consideration. Because Code Ann. §§ 109A-9—504 (4) and 109A-9—506 (Ga. L. 1978, pp. 1081, 1130, 1133) provide that the debtor may redeem the collateral at any point prior to disposition by the secured party and that upon a sale of collateral a purchaser for value acquires all of the *debtor's* rights in the property, plaintiff argues that title to the collateral passes from the debtor only upon disposition to a purchaser for value. Thus, it is asserted, since the bank did not dispose of the collateral in its possession, title at all times remained in plaintiff who was a proper party with standing to sue defendant on the account.

We agree with plaintiff that cases in which there is an outright

assignment of a chose in action, not for purposes of securing a debt, are not controlling in the instant situation. See, e.g., *Chattahoochee Holdings, Inc. v. Marshall,* 146 Ga. App. 658, 660 (1) (247 SE2d 167); *Henry v. Moister,* 155 Ga. App. 462 (271 SE2d 40); *Wm. Iselin & Co. v. Davis,* 157 Ga. App. 739 (278 SE2d 442). Although the evidence presented here was inconclusive to establish that the bank intended to reassign the account for collection by plaintiff's counsel, it is undisputed that it relinquished possession of the collateral and that some amount was still due and owing on the transaction between Dorsey and Gordon. Regardless of whether legal title is in the plaintiff or in the bank, unless defendant produces other evidence he is not entitled to retain the amount owing on the account.

Moreover, while the trial court's ruling was apparently based on plaintiff's lack of standing to bring the action, this defense was not properly raised by defendant. There was no specific negative averment in his responsive pleadings that plaintiff was not a legal entity or lacked capacity to sue as required by Code Ann. § 81A-109 (a) (Ga. L. 1966, pp. 609, 620). Nor did he file a motion to dismiss for failure to join an indispensable party under Code Ann. § 81A-119 (a) (Ga. L. 1966, pp. 609, 630; 1972, pp. 689, 694), and no time was allowed plaintiff to amend the complaint to bring in the bank as a party plaintiff pursuant to Code Ann. § 81A-117 (a) (Ga. L. 1966, pp. 609, 629; 1968, pp. 1104, 1107). Thus, any such defense must be deemed waived. See *Carroll v. Equico Lessors,* 141 Ga. App. 279 (2) (233 SE2d 255); *Employers' Liability Assur. Corp. v. Keelin,* 132 Ga. App. 459, 460-463 (2) (208 SE2d 328).

"Although the action of the trial court consisted of directing [a] verdict rather than dismissing the party plaintiff, we feel that the same rule of law should apply. The plaintiff (if this was in fact the ground on which the verdict was directed, which we can only surmise) was entitled either to have the evidence of ownership considered by the jury, or given an opportunity to amend by joining the [bank] or showing that this was an action for [its] use." *J. C. Penney Co. v. West,* 140 Ga. App. 110, 113 (3) (230 SE2d 66). Accord, *Smith v. Singleton,* 124 Ga. App. 394, 395 (3) (184 SE2d 26); *S. D. H. Co. v. Stewart,* 135 Ga. App. 505, 508-509 (2) (218 SE2d 268); *Henry v. Moister,* 155 Ga. App. 462, supra. The trial court erred in directing a verdict in defendant's favor.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

Decided June 17, 1982.

*Leah J. Prewitt, David W. Griffeth,* for appellant.

*Herbert T. Hutto,* for appellee.