## A89A1059. RAY'S MOBILE HOME REPAIR SERVICE, INC. v. PRESIDENTIAL FINANCIAL CORPORATION.
### (386 SE2d 48)

SOGNIER, Judge.

Presidential Financial Corporation (PFC) brought suit against Ray's Mobile Home Repair Service, Inc. (Ray's) to recover the amounts owed on accounts in which it had a perfected security interest. Ray's appeals from the trial court's grant of summary judgment to PFC.

The record reveals that Ray's sold inventory consisting of mobile home parts and materials to Paul Hill and received a promissory note from Hill. Ashmore Homes, Inc. (Ashmore) then purchased the inventory from Hill and guaranteed the note to Ray's. Ashmore and Ray's also entered into an agreement whereby Ray's agreed to advance certain sums to Ashmore in exchange for a security interest in "all of Ashmore's inventory of mobile home parts and manufacturing materials as well as its work-in-progress relating to the manufacturing of mobile homes and all completed mobile homes," and Ray's perfected its interest by recording a UCC financing statement on May 27, 1987. Ashmore also executed a loan and security agreement with PFC, giving PFC a security interest in Ashmore's "accounts, contract rights, chattel paper, instruments, drafts and general intangibles . . . and all rights of [Ashmore] earned or to be earned under contracts to sell goods" in exchange for PFC's commitment to lend Ashmore up to 82.5 percent of the value of any mobile home under a contract of sale. PFC's security interest was perfected on September 4, 1987. On September 21st Ray's recorded a partial release, giving up its interest in Ashmore's "accounts receivable and proceeds of inventory sold in the normal course of business." Although the record does not affirmatively reflect this information, apparently Ashmore subsequently defaulted on these obligations.

Ray's thereafter purchased certain mobile homes from Ashmore but refused to pay the invoiced amount, contending it was entitled to hold the sums to apply to Ashmore's outstanding obligation to it PFC exercised its option under the security agreement it had with Ashmore and filed suit to enforce collection of the accounts due to Ashmore from Ray's.

1. Ray's contends the trial court erred by granting summary judgment to PFC because Ray's had a prior perfected security interest in the mobile homes it purchased, and accordingly had no obligation to protect PFC's interest.

We agree that Ray's had a prior perfected security interest in Ashmore's goods and inventory, but find that execution of the partial release by Ray's eliminated any secured interest in Ashmore's accounts receivable or proceeds it otherwise would have had under OCGA § 11-9-306. Thus, Ray's became an account debtor, see OCGA § 11-9-105 (1) (a), and Ashmore's right to payment for the sold goods became an account in which PFC held a security interest. See OCGA § 11-9-106. Conversely, PFC had not released its security interest in Ashmore's accounts receivable, so that upon Ashmore's defaulting on its agreement with PFC, as the secured party with the perfected security interest in Ashmore's accounts receivable and proceeds (including the account for goods sold to Ray's) PFC was entitled to enforce its right under its security agreement to collect on the obligations. OCGA § 11-9-501; see generally *Dorsey Heating &c. Co. v. Gordon*, 162 Ga. App. 608, 609 (292 SE2d 452) (1982). As Ray's did not take possession of the goods pursuant to a procedure authorized by the Uniform Commercial Code, it became a purchaser of the collateral, not a secured party in possession, and PFC's security agreement with Ashmore was enforceable against Ray's. OCGA § 11-9-201; see *Continental American Life Ins. Co. v. Griffin*, 251 Ga. 412, 414 (306 SE2d 285) (1983). Even assuming, without deciding, that Ray's had a contractual setoff right, PFC's perfected security interest had priority. Id. Accordingly, we affirm the award of summary judgment to PFC.

2. Ray's also contends that the trial court erred by ruling on the summary judgment motion without first unsealing and considering certain depositions filed of record. "However, as appellant [Ray's] has cited to us no deposition testimony which raises a genuine issue of material fact, and our review of the testimony discloses no such factual dispute, this enumeration of error is without merit. [Cits.]" *Andrews v. City of Macon*, 191 Ga. App. 745, 748 (382 SE2d 739) (1989).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 5, 1989.

*Sims, Fleming & Swan, John S. Sims, Jr.*, for appellant.
*Reinhardt & Whitley, Robert C. Wilmot*, for appellee.