A06A0588. J. W. TRUCK SALES, INC. et al. v. HARTRAMPF OUTDOOR, LLLP et al.

(631 SE2d 750)

ADAMS, Judge.

Appellees/Lessors Hartrampf Outdoor, LLLP and McCurdy Outdoor, LLLP filed a dispossessory proceeding against appellant/lessee J. W. Truck Sales, Inc., contending that J. W. Truck Sales was holding the premises over beyond the term of the parties' Ground Lease Agreement. The trial court issued a writ of possession to Hartrampf, and J. W. Truck Sales timely filed this appeal.

As is pertinent to this appeal, the record shows that J. W. Truck Sales operated a used car and truck business on property located at 3545 Buford Drive, Buford, Georgia. J. W. Truck Sales was operating the business under a month-to-month lease at the time Lessors acquired the property. Subsequently, the parties entered into a written Ground Lease Agreement, which was prepared by Lessors. The Lease was for a term of five years, commencing September 1, 2002. Paragraph 5 of the Lease provided that Lessee would pay $120,000 per year in rent, to be paid in equal monthly installments of $10,000. That paragraph further provided for an increase in rent to $180,000 per year ($15,000 per month), 90 days after the property was rezoned to allow a used car and truck sales lot.[1] Paragraph 4 (viii) provided the following additional terms concerning the payment of rent:

In the event Lessee and/or Lessor is unable to rezone the property for a used car and truck sales lot on or before March 1, 2003, then Lessee has the option to (i) begin paying Lessor

---

[1] Testimony was presented at the hearing that a portion of the property was zoned C-2, a small "sliver" was zoned R-100, and another "sliver" was zoned C-1. The used car and truck lot was a legal, nonconforming use under C-2 zoning but was not acceptable under the other two classifications.

$15,000.00 per month rental on May 1, 2003; or (ii) continue paying Lessor $10,000.00 per month with 10% rental increases annually beginning September 1, 2003, and Lessor will have the right to terminate the Lease with 60 days written notice to Lessee.

It is these provisions governing the payment of rent that form the basis of the dispute between the parties in this case.

On February 17, 2003, the Lessors sent a letter to J. W. Truck Sales stating as follows:

Lessor needs to know by March 1, 2003, if Lessee intends to exercise its option to begin paying Lessor $15,000.00 per month rental on May 1, 2003. In the event Lessee exercises this option, the Lessor will *not* have the right to terminate the Lease with 60 days notice to Lessee. If Lessee does *not* exercise this option by March 1, 2003, the Lessor will have the right to terminate this Lease by giving the Lessee 60 days written notice and the rent will remain the same at $10,000.00 per month with 10% rental increases annually beginning September 1, 2003.

J. W. Truck Sales did not respond to the letter, despite language in the letter directing it to indicate at the bottom of the letter which option it had elected, but it did increase the amount of rent it was paying by ten percent annually on September 1, 2003 and September 1, 2004.

On April 15, 2005, Lessors sent a letter notifying J. W. Truck Sales that it was terminating the lease in 60 days, pursuant to Paragraph 4 of the Lease. J. W. Truck Sales did not vacate the premises at the end of the 60 days, and Lessors instituted the present dispossessory proceeding. Following a hearing, the trial court found that the parties were operating under Paragraph 4 (viii) (ii) of the Lease, and entered a writ of possession in favor of Lessors.

1. Lessors have moved to dismiss this appeal, arguing that the appeal was rendered moot when J. W. Truck Sales vacated the property following the filing of this appeal. J. W. Truck Sales argues that it did not vacate the property voluntarily but rather was forcibly evicted via judicial writ after it could not post the $1,200,095 supersedeas bond the trial court ordered in response to Lessors' motion to require the posting of the bond. Our review of the supplemental record, which we ordered the lower court clerk to send so that we could properly consider this issue, supports this contention. We

therefore decline to dismiss this appeal as moot under these circumstances. See *Winton v. Gen. Apts. Co.*, 128 Ga. App. 730 (197 SE2d 743) (1973).

2. Turning to the merits of the appeal, J. W. Truck Sales argues that the trial court erred by granting the writ of possession because it was only required to make an election under Paragraph 4 (viii) of the Lease in the event the Lessors were "unable" to rezone the property, meaning that a rezoning had been attempted and failed. They argue that since the Lessors did not attempt to have the property rezoned, Paragraph 4 is inapplicable, and that no other provision of the Lease allowed the Lessors to terminate. J. W. Truck Sales further argues that to the extent there is any ambiguity in the language of the Lease, it should be construed against Lessors as the drafters of the Lease. But, as the trial court found, J. W. Truck Sales did make an election between the two options contained in Paragraph 4 (viii) when it started to pay rent in accordance with subsection (ii) of Paragraph 4 (viii). That option provided for a smaller rent increase but gave Lessors the right to terminate with 60 days written notice. J. W. Truck Sales does not point to anything in the Lease that required the election to be in writing or that required that the election be made in any specific way or with any specific form of notification.

Moreover, the cardinal rule of contract construction is to ascertain the intention of the parties. OCGA § 13-2-3. The intention of the parties here was to provide for an increase in the rental specified in the original lease, the *amount* of the increase being dependent on whether the property retained its current zoning status or was rezoned. In the event the property was rezoned, then the monthly rental amount increased to $15,000. In the event it was not rezoned, Paragraph 4 (viii) gave J. W. Truck Sales the option of increasing the rental amount by ten percent annually, in which event the Lessors would have the right to terminate upon proper notice, or paying more — $15,000 per month, in which event the Lessors would not have the option to terminate the Lease.

J. W. Truck Sales further argues that payment of the increased rental to "appease" the Lessor does not preclude their ability to demand exact compliance with Paragraph 4 (viii) of the Lease. In support of this contention, they point to Paragraph 23 of the Lease, which provides:

> No failure of the Lessor or Lessee to exercise any power given Lessor or Lessee hereunder, or to insist upon strict compliance by Lessor or Lessee with its obligations hereunder and no custom or practice of the parties at variance with the terms hereof shall constitute a wavier of Lessor's or Lessee's right to demand exact compliance with the terms hereof.

But there was nothing in the Lease that required the Lessors to pursue rezoning of the property, and nothing, as stated above, that required the election to be made in any specific way. And as the Lessors point out, "a provision against waiver of contractual rights may itself be waived." *J. E. M. Enterprises v. Taco Pronto, Inc.*, 145 Ga. App. 573, 575 (3) (244 SE2d 253) (1978).

Based on the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MAY 24, 2006.

*Carothers & Mitchell, Richard A. Carothers, Cheryl Benton Reid, H. Patterson Garner,* for appellants.

*Schreeder, Wheeler & Flint, Scott W. Peters, J. Carole Thompson Hord,* for appellees.